IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA BYERLEY,

    Plaintiff,

v.

                                                    Case No. 8:20-cv-1137-T-36SPF

NVR, INC.,

    Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 5) and Defendant's Response in Opposition (Doc. 10). Plaintiff, Donna Byerley, argues this case should be remanded because Defendant, NVR, Inc., has not established that the amount in controversy meets the jurisdictional requirements for diversity jurisdiction. The Court, having considered the motion and being fully advised in the premises, agrees with Plaintiff and will grant Plaintiff's Motion to Remand.

**I.    BACKGROUND**

On April 16, 2020, Plaintiff commenced this action against Defendant in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida. Doc. 1-1. The case arises out of a trip and fall accident that occurred on Defendant's property on July 20, 2018. *Id.* The Complaint alleges that Plaintiff "tripped and fell in a large hole covered by water and mulch, located . . . just outside of the model home and sales office of [Defendant]." *Id.* ¶ 6. The Complaint further alleges that Defendant breached its duty to maintain, inspect, warn, or correct this dangerous condition on its property, and as a result, Plaintiff suffered damages due to Defendant's negligence. *Id.* ¶¶ 9, 11.

Plaintiff states her damages exceed $30,000. *Id.* ¶ 1. Specifically, she claims she was "injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; exacerbated prior conditions; incurred loss of ability to lead and enjoy a normal life; all of which are either permanent or continuing in nature." *Id.* ¶ 12.

Defendant timely filed a Notice of Removal on May 15, 2020, alleging that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Doc.1 at 1–2. The diversity of citizenship between the parties is not at issue; only the amount in controversy. In conclusory fashion, Defendant states the jurisdictional threshold is met because Plaintiff's pre-suit demand letter sought in excess of $75,000. The Notice of Removal includes no further detail regarding the basis of Plaintiff's demand or extent of Plaintiff's injuries.

Thereafter, Defendant sought leave to file the demand letter under seal, which the Court granted. Docs. 11, 15. The November 15, 2019 demand letter, which states that a reasonable settlement value for the case is $250,000, includes an itemization of medical expenses totaling $31,038.19 for fractures of Plaintiff's left and right foot and complaints of knee pain. Review of the medical records and bills attached to the demand letter reveals that most of the medical expenses incurred were for treatment received within the first few days following the incident. The only medical records from 2019 are from Dr. Krishan Batra whom it appears Plaintiff treated with before and after the incident for matters unrelated (for the most part) to her fall on July 20, 2018.

In her motion for remand, Plaintiff argues the allegations in Plaintiff's Complaint and the demand letter are insufficient to establish the amount in controversy and to suggest otherwise

2

would be speculative. Doc. 5 at 4–5. In response, Defendant submits that the demand letter is enough to demonstrate the requisite amount in controversy has been met claiming a pre-suit demand may form the basis of the amount in controversy if it goes beyond "mere puffery" and provides "specific information to support the plaintiff's claim for damages." Doc. 10 at 4 (citing *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)).

## II. LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal

jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).[1] "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

### III. DISCUSSION

A settlement offer may be some evidence of the amount in controversy. However, the persuasiveness of a settlement demand in establishing the amount in controversy varies based on the amount of detail contained in it to support the amount. Additionally, "'[s]ettlement offers commonly reflect puffing and posturing,' especially where they lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568-Orl-37GJK, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32HBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)).

While Plaintiff's demand letter posited that a reasonable settlement value for the case was $250,000, the medical records and bills attached to the letter do not support the demand. As noted,

---

[1] Because the sufficiency of the amount in controversy is determined at the time of removal, the Court declines Defendant's request to permit discovery in an effort to bolster its Notice of Removal. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215–16 (11th Cir. 2007) ("Sound policy and notions of judicial economy and fairness" dictate against post-removal discovery.).

4

the bulk of the treatment occurred within days of the incident with very little treatment since then. While the Court may not speculate or guess as to the amount in controversy, it may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and it may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kilmer v. Stryker Corp.*, No. 5:14-CV-456-Oc-34PRL, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). All doubts as to whether the jurisdictional amount in controversy is satisfied must be resolved in favor of remand. *Cowan v. Genesco, Inc.*, No. 3:14-CV-261-J-34JRK, 2014 WL 3417656, at *2 (M.D. Fla. July 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Upon review of the demand letter and its attachments, the Court finds that Defendant has failed to carry its burden to establish the amount in controversy is satisfied to invoke this Court's jurisdiction. Defendant highlights the fact that the demand letter was accompanied with voluminous medical records, but as noted above, the treatment was primarily within the first few days of the incident with very little treatment since July 2018, which undermines the claim of any significant future medical expenses related to the incident beyond the approximate $31,000 referenced in the letter.  Additionally, Defendant claims that Plaintiff would not stipulate that the amount in controversy is less than $75,000.  While such a refusal may warrant some weight in this District, this conclusory response does not relieve Defendant of the obligation to provide facts supporting the existence of federal jurisdiction.  It is a removing defendant's responsibility to present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co*., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008).  Defendant has failed to do so here.  Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pasco County, Florida.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any